## TOWN OF JUPITER v. COLPITTS, et ux.

Circuit Court, Palm Beach County.

May 24 and August 9, 1954.

E. B. Donnell, West Palm Beach, for plaintiff.

Raymond R. Richardson, West Palm Beach, for defendants.

JOSEPH S. WHITE, Circuit Judge.

*May 24, 1954:* This cause was heard pursuant to an order calling a pre-trial conference. Counsel for the parties were present and it was made to appear that their dispute can be settled upon the basis of a determination of certain questions of law. Counsel have duly argued the matter and the court is advised in the premises.

There are two questions—(1) whether or not a lease of said lands by the town to an individual for the conduct thereon of a private enterprise is valid, and, if invalid, (2) whether or not the town is indebted to the lessee for improvements made upon the property solely for the benefit of the lessee.

The lands in question were conveyed to the town of Jupiter by the United States Government, under authority of an act of Congress making provision for the conveyance of such lands "for parks, aviation fields, schools and other public purposes, to be maintained for such purposes only."

It is the view of the court that under such circumstances the town cannot make a valid lease of the lands to an individual, to be used primarily for private gain. Neither can the town under the circumstances be compelled to pay for improvements placed upon the land by such a lessee solely for his benefit. The credit of a municipality cannot be so burdened under the law.

Thereupon, it is ordered and decreed that the prayer of the bill of complaint is granted and the said lease nullified and shall be held for naught; within 60 days from the date of this decree, defendants shall surrender possession of said premises to the town. Court costs are assessed against the defendants.

*August 9, 1954:* This cause was heard pursuant to the order on petition for rehearing, dated June 30, 1954 to determine what, if anything, is a fair and equitable refund to make said lessees, testimony and argument of counsel.

Counsel for each party agreed that the court proceed to determine the said issue, notwithstanding that defendants had on July 20, 1954 filed herein a notice of appeal.

It is the view of the court that the issue should be determined on the basis of unjust enrichment to the town, if any. Defendants have occupied the property continuously since 1946, and if they have received by such occupancy full value for sums paid the town, there has been no unjust enrichment. The court finds that the reasonable rental value of the premises so occupied by defendants

since 1946 far exceeds the amount paid by them to the town, and that they are entitled to no refund.

Thereupon, it is ordered and decreed that the claim of the defendants for a refund from said town is denied.